## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PERDITA TAYLOR,<br>228 15th St., N.E.<br>Washington, D.C. 20002 )<br><br>Plaintiff, )<br><br>v. )<br><br>D.C. Department of Corrections, *et al.* )<br><br>Defendants. ) | Case No: 07-1394 (RCL) |

PERDITA TAYLOR,
228 15th St., N.E.
Washington, D.C. 20002

            Plaintiff,

      v.

D.C. Department of Corrections, *et al.*

          Defendants.

              Case No: 07-1394 (RCL)

## <u>FEDERAL DEFENDANT'S MOTION TO DISMISS</u>

Federal Defendant, United States of America, substituted for Unity Health Care, Inc.[1]

respectfully moves, pursuant to Fed. R. Civ. P. 12(b) (1), to dismiss the Complaint because

Plaintiff has failed to exhaust her administrative remedies as required to go forward with a claim

under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA").  In support of this

Motion, Federal Defendant refers the Court to the accompanying memorandum of points and

authorities.  A proposed Order consistent with this Motion also is attached.

---

[1] By operation of statute, Unity Health Care, Inc. has been deemed to be an employee of the United States of America for purposes of liability under the Federal Tort Claims Act.  42 U.S.C. § 233(h).

Respectfully submitted,


   /s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney



   /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney



   /s/
CHARLOTTE A. ABEL, DC Bar #388582
Assistant U.S. Attorney
Judiciary Center Building
555 Fourth St., N.W., Rm. E4410
Washington, D.C.  20530
(202) 307-2332

Counsel for Federal Defendant

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| PERDITA TAYLOR, ) | |
| 228 15th St., N.E. ) | |
| Washington, D.C. 20002 ) | |
| ) | Case No: 07-1394 (RCL) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| D.C. Department of Corrections, *et al.* ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**FEDERAL DEFENDANTS' MOTION TO DISMISS**

Plaintiff Perdita Taylor brings this lawsuit alleging medical malpractice in connection

with care she received from Unity Health Care In ("Unity") after sustaining a fall at D.C. Jail.

Plaintiff filed this action on July 31, 2007 and named the D.C. Department of Corrections and

Unity as Defendants. By operation of statute, Unity has been deemed to be an employee of the

United States of America for purposes of liability under the Federal Tort Claims Act ("FTCA").

Accordingly, pursuant to 28 U.S.C. § 2679(d)(1) and 42 U.S.C. § 233(c), the United States of

America should be substituted for Unity as Defendant. Once the United States is substituted as

the sole federal defendant, it is entitled to every defense available to it under the FTCA as if it

had been sued in the first instance. 28 U.S.C. sec. 2679(d)(1). Since Plaintiff has not exhausted

her administrative remedies, as is required to go forward with an FTCA claim against the federal

government, Plaintiff's Complaint must be dismissed.

## STATEMENT OF FACTS

On November 18, 2006, Plaintiff, a prisoner at the D.C. Jail, located at 1901 D Street, S.E. Washington, D.C. 20003, allegedly fell from a bunk bed in her cell and injured her wrist. Compl. at p.1.  After her fall, Plaintiff was seen by Dr. Negash Tesemma[2] of Unity Health Care, Inc.. Id.

Plaintiff claims that Unity was negligent in allegedly neglecting doctor's orders, delaying x-rays, misinterpreting x-rays, and failing to provide either pain medication or a wrist splint. Compl. at pp. 1-2.  Plaintiff seeks $2,000,000.00 "as punitive damages for pain and suffering as well as any permanent disability which may hinder my ability to work and everyday activity." See Compl., Relief.

The United States Department of Health and Human Service's Bureau of Primary Health Care, in accordance with Section 224(h) of the Public Health Service Act, 42 U.S.C. § 233(h), as amended, has deemed Defendant Unity to be an employee of the federal government for purposes of medical malpractice liability protection under the FTCA, 28 U.S.C. § 1346(b)(1).  See 42 U.S.C. § 233(a), (b), (g) (exclusiveness of remedy against United States for those deemed Public Health Service employees).

Unity was deemed eligible for FTCA malpractice coverage effective January 1, 1994, and its coverage has continued without interruption since that time.  Declaration of Richard G. Bergeron, Attorney, Department of Health and Human Services ("HHS"), Office of the General

---

[2] In the Complaint, Plaintiff refers to Dr. Tesemma as "Dr. Testerman."  Compl. at p. 1.

2

Counsel, General Law Division, executed March 27, 2008 ("Bergeron Dec.") ¶ 5 & Exhibit 1.

HHS has a Claims Branch that maintains in a computerized database a record of administrative

tort claims filed with the Department, including those filed with respect to federally supported

health centers that have been deemed eligible for Federal Tort Claims Act malpractice coverage.

Bergeron Dec. ¶ 2.  As a consequence, if a tort claim had been filed with HHS with respect to

Unity, Central Detention Facility (CDF/DC Jail) located at 1901 D Street, Southeast,

Washington, DC 20003, an approved delivery site, or its employees or qualified contractors, a

record of that filing would be maintained in the Claims Branch's database.  Id. ¶ 3.

A search of the Claims Branch's database failed to locate any records of an administrative

tort claim filed by Perdita Taylor or an authorized representative relating to Unity Health Care,

Inc., Central Detention Facility or Negash Tesemma, M.D.  Bergeron Dec. ¶ 4.[3]  Official agency

records indicate that Negash Tesemma, M.D., was an employee of Unity, at all times relevant to

the Complaint.  Id. ¶ 6.

### STANDARD OF REVIEW:  Motion to Dismiss (Fed. R. Civ. P. 12(b)(1))

Defendant moves for dismissal under Rule 12(b)(1), as the Court lacks jurisdiction over

certain of Plaintiff's claims.  "In reviewing a motion to dismiss for lack of subject-matter

jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the

---

[3]    Defendant submits attachments in support of this Memorandum for the limited purpose of allowing the Court to determine whether it has jurisdiction to consider Plaintiff's claims.  It is well-established that when a defendant challenges the substance of the jurisdictional allegations it may use extraneous evidence to test those allegations without converting the motion into a summary judgment motion.  See Land v. Dollar, 330 U.S. 731, 735 n.4 (1947); Herbert v. National Academy of Sciences, 974 F.2d 192, 197-98 (D.C. Cir. 1992); Bonterra America, Inc. v. Bestmann, 907 F. Supp. 4, 5 n.1 (D. D.C. 1995); see also Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995).

complaint's well-pled factual allegations as true and draw all reasonable inferences in the

plaintiff's favor." Thompson v. Capitol Police Board, 120 F. Supp.2d 78, 81 (D.D.C. 2000)

(citations omitted). "The court is not required, however, to accept inferences unsupported by the

facts alleged or legal conclusions that are cast as factual allegations." Rann v. Chao, 154 F.

Supp.2d 61, 64 (D.D.C. 2001), aff'd, 346 F.3d 192 (D.C. Cir. 2003), cert. denied, 125 S.Ct. 35

(Oct. 4, 2004). In addition, "[on] a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff

bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the

evidence." Thompson, 120 F. Supp.2d at 81.

A court may resolve a motion to dismiss for lack of subject-matter jurisdiction under Rule

12(b)(1) in either of two ways. First, the court may determine the motion based solely on the

complaint. Herbert v. National Acad. Of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992).

Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations

of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the

conflicting evidence. See id.; Rann, 154 F. Supp.2d at 64.

## ARGUMENT

I.    **This Court Does Not Have Jurisdiction over Plaintiff's Claims Because, as of
the Date of the Filing of the Complaint, Plaintiff had not Presented an
Administrative Claim to the Department of Health and Human Services and
Because the Department had not Denied the Claim nor had Plaintiff Allowed
the Department 180 Days to Process the Claim.**

Sovereign immunity bars all suits against the United States except in accordance with the

explicit terms of statutory waiver of such immunity. United States v. Nordic Village, Inc., 503

U.S. 30, 32-34 (1990)("[w]aivers of the Government's sovereign immunity, to be effective, must

be 'unequivocally expressed'") (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95

4

(1990)); United States v. Mitchell, 445 U.S. 535, 538 (1980); United States v. Testan, 424 U.S. 392, 399 (1976). A waiver of sovereign immunity must be clear and unequivocal and must be strictly construed in favor of the sovereign. Ardestani v. INS, 502 U.S. 129, 137 (1991) (citing Library of Congress v. Shaw, 478 U.S. 310, 318 (1986) and Ruckelshaus v. Sierra Club, 463 U.S. 680, 685 (1986)); see also Department of the Army v. FLRA, 56 F.3d 273, 277 (D.C. Cir. 1995) ("the statutory waiver provision must unambiguously establish that it extends to the award of money damages"), rehearing denied; Haase v. Sessions, 893 F.2d 370, 373 (D.C. Cir. 1990) ("waivers of sovereign immunity, the Supreme Court has repeatedly reminded us, must be narrowly construed"). The construction of the statute favoring the sovereign must be followed as long as it is "plausible." Nordic Village, 503 U.S. at 37.

Because the United States has not waived its sovereign immunity in situations where a plaintiff has failed to comply exactly with the provisions governing administrative tort claims, this suit must be dismissed. Plaintiff did not file an administrative claim with the HHS. Bergeron Dec. at ¶4. Plaintiff's failure to properly adhere to the FTCA's administrative claim requirements is fatal to her claim against the United States.

The FTCA defines the terms upon which the United States may be sued and "absent full compliance with the conditions ... placed upon its waiver, courts lack jurisdiction to entertain tort claims against it." GAF Corp. v. United States, 818 F. 2d 901, 904 (D.C. Cir. 1987) (emphasis added). 28 U.S.C. § 2675(a) reads as follows:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing.

5

(emphasis added).[4]  This command is "unambiguous" and courts are "not free to rewrite the statutory text" of the FTCA.  McNeil v. United States, 508 U.S. 106, 111 (1993).  "Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process . . . The interest in orderly administration of [FTCA] ... litigation is best served by adherence to the straightforward statutory command."  Id. at 112.  As our Circuit has explained: "[t]he FTCA's mandatory administrative filing requirement is not to be confused with the prudential, judge-made exhaustion doctrine. . . the jurisdictional FTCA filing requirement is not subject to equitable waiver."  Hohri, 782 F.2d at 245; see also United States v. Kubrick, 444 U.S. 111, 113, 117-18 (1979) (discussing presentment requirement of 28 U.S.C. § 2401(b)); Simpkins v. District of Columbia, 108 F.3d 366, 371 (D.C. Cir. 1997) (district court has no jurisdiction to consider the merits of an FTCA suit once it determines that plaintiff has failed to file an administrative claim); Schuler v. United States, 628 F.2d 199, 201 (D.C. Cir. 1980) (Section 2401(b) requires both timely presentment of an administrative claim and timely filing of a complaint after the agency's final denial of the administrative claim); Schneider v. Kissinger, 310 F.Supp.2d 251, 269-70 (D.D.C. 2004) (dismissing FTCA claims because plaintiffs had not "complete[d] the administrative process before coming to court").

Plaintiff filed this lawsuit without first presenting administrative claims to HHS and thus, necessarily prior to those claims having been denied by HHS.  This is in direct conflict with the explicit requirements of the FTCA that a lawsuit "shall not be instituted upon a claim against the

---

[4]     The statute goes on to allow the Department 180 days in which to consider the administrative claim.  Id.  Additionally, all administrative claims must be presented to the agency within two years  of the time the claim "accrues."  28 U.S.C. § 2401(b); see also Hohri v. United States, 782 F.2d 227, 246 n.48 (D.C. Cir. 1986), vacated on other grounds, 482 U.S. 64 (1987).

United States for money damages for injury or loss of property or personal injury or death ...

unless the claimant shall have <u>first</u> presented the claim to the appropriate Federal agency and <u>his</u>

<u>claim shall have been finally denied</u> by the agency in writing." 28 U.S.C. § 2675(a) (emphasis

added). Therefore, this Court is without jurisdiction over Plaintiff's claims against the United

States and the Complaint should be dismissed as to that defendant. <u>Id</u>.

## **<u>CONCLUSION</u>**

For the foregoing reasons, the Complaint should be dismissed against the United States.

Respectfully submitted,

    /s/
JEFFREY A. TAYLOR, DC Bar #489610
United States Attorney


    /s/
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


    /s/
CHARLOTTE A. ABEL, DC Bar #388582
Assistant U.S. Attorney
Judiciary Center Building
555 Fourth St., N.W., Rm. E4410
Washington, D.C.  20530
(202) 307-2332

Counsel for Federal Defendant

7

CERTIFICATE OF SERVICE

      I certify that on March 27, 2008,  I caused copies of the foregoing Motion to Dismiss to be served by first class mail upon:

Perdita Taylor
228 15th Street, NE
Washington, DC 20002


                    /s/_____
                   CHARLOTTE A. ABEL
                   Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Perdita Taylor, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| D.C. Department of Corrections ) | |
| and Unity Health Care, Inc., ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

DECLARATION OF
RICHARD G. BERGERON

1. I am a Senior Attorney in the General Law Division, Office of the General Counsel,
Department of Health and Human Services (the "Department"). I am familiar with the official
records of administrative tort claims maintained by the Department as well as with the system by
which those records are maintained.

2. The Department has a Claims Branch that maintains in a computerized database a
record of administrative tort claims filed with the Department, including those filed with respect
to federally supported health centers that have been deemed to be eligible for Federal Tort
Claims Act malpractice coverage.

3. As a consequence, if a tort claim had been filed with the Department with respect to
Unity Health Care, Inc. (formerly known as Health Care for the Homeless Project, Inc.), Central
Detention Facility (CDF/DC Jail) located at 1901 D Street, Southeast, Washington, District of
Columbia 20003, an approved delivery site, or its employees or qualified contractors, a record of
that filing would be maintained in the Claims Branch's database.

-2-

4.  I caused a search of the Claims Branch's database to be conducted and found no record of an administrative tort claim filed by Perdita Taylor or an authorized representative relating to Unity Health Care, Inc., Central Detention Facility or Negash Tesemma, M.D.

5.  I have also reviewed official agency records and determined that Unity Health Care, Inc., was deemed eligible for Federal Tort Claims Act malpractice coverage effective January 1, 1994, and that its coverage has continued without interruption since that time.  Copies of the notifications by an Assistant Surgeon General, Department of Health and Human Services, to Unity Health Care, Inc., are attached to this declaration as Exhibit 1.

6.  Official agency records also indicate that Negash Tesemma, M.D., was an employee of Unity Health Care, Inc., at all times relevant to the complaint in this case.

I declare under penalty of perjury that the foregoing is true and correct.  28 U.S.C. § 1746.

Dated at Washington, D.C., this  27th  day of  March , 2008.

RICHARD G. BERGERON
Senior Attorney, Claims and Employment Law Branch
General Law Division
Office of the General Counsel
Department of Health and Human Services



**DEPARTMENT OF HEALTH & HUMAN SERVICES**
BUREAU OF PRIMARY HEALTH CARE

Health Resources and Services Administration

Rockville, Maryland 20857

MAY 6 2005

Vincent Keane, Executive Director
Unity Health Core, Inc.
UDS # 037020
3020 14th Street, N.W.
Washington, DC 20009-6865

Reference:    Malpractice Liability Coverage – Renewal health center deeming letter
              Coverage effective on January 1, 2005 through December 31, 2005

Dear Mr. Keane:

The Health Resources and Services Administration (HRSA), Bureau of Primary Health
Care (BPHC), in accordance with Section 224(g) of the Public Health Service (PHS) Act,
42 U.S.C. § 233(g), as amended by the Federally Supported Health Centers Assistance
Act of 1995 (FSHCAA), (P.L. 104-73), redeems the above named entity to be an
employee of the PHS for purposes of Federal Tort Claims Act (FTCA) medical
malpractice liability coverage, effective January 1, 2005.

This action is based on the assurances provided in your FTCA deeming application, as
required under 42 U.S.C. § 233(h), with regard to: (1) implementation of appropriate
policies and procedures to reduce the risk of malpractice; (2) implementation of a system
whereby professional credentials and privileges, references, claims history, fitness,
professional review organization findings, and licensure status of health professionals are
reviewed and verified; (3) cooperation with the Department of Justice (DOJ) in the
defense of claims and actions to prevent claims in the future; and (4) cooperation with
DOJ in providing information related to previous malpractice claims history.

The 1995 amendments to FSHCAA clarified that FTCA coverage extends to deemed
health centers and their: (1) officers; (2) governing board members; (3) full and part time
health center employees; (4) licensed or certified health care practitioner contractors
(who are not corporations) providing full-time services (i.e., on average at least 32 ½
hours per week); and (5) licensed or certified health care practitioner contractors (who are
not corporations) providing part-time services in the fields of family practice, general
internal medicine, general pediatrics, or obstetrics/gynecology. Volunteers are neither
employees nor contractors and therefore are not eligible for FTCA coverage.



**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
BUREAU OF PRIMARY HEALTH CARE

Public Health Service



Health Resources and
Services Administration
Rockville MD 20857

NOV 2 3 1993

Mr. Vincent A. Keane
Executive Director
Health Care for the Homeless Project, Inc.
1234 Massachusetts Avenue, N.W.
Suite C1009
Washington, D.C. 20005

Dear Mr. Keane:

The Bureau of Primary Health Care (BPHC), in accordance with Section 224(h) of the
Public Health Service (PHS) Act, 42 U.S.C. 233(h) as added by the Federally Supported
Health Centers Assistance Act of 1992 (P.L. 102-501), deems the above named entity to
be an employee of the Federal Government for the purposes of Section 224. Under
Section 224(a), the remedy against the United States provided under the Federal Tort
Claims Act (FTCA) for medical and related functions performed by commissioned
officers or employees of the PHS while acting within the scope of office or employment,
shall be exclusive of any other civil action or proceeding. P.L. 102-501 extends this
"FTCA coverage" to the grantees that have been deemed covered under Section 224(h)
and certain of their officers, employees, and contractors, as specified below.

This action is based on the assurances provided on September 23, 1993, with regard to:
(1) implementation of appropriate policies and procedures to reduce the risk of
malpractice; (2) implementation of a system whereby professional credentials, references,
claims history, fitness, professional review organization findings, and licensure status of
its health professionals are reviewed and verified; (3) cooperation with the Department of
Justice (DOJ) in the defense of claims (including access to all pertinent documents and
patient information and records) and actions to assure against claims in the future; and
(4) cooperation with the DOJ in providing information related to previous malpractice
claims history.

All officers, employees, and full-time contractors (minimum 32.5 hours per week) of this
grantee who are physicians or other licensed or certified health care practitioners and
who are providing services under the scope of activities covered by the project funded
through its Section 329 (migrant health centers), Section 330 (community health centers),
Section 340 (health services for the homeless), or Section 340A (health services for
residents of public housing) grant(s) are also deemed to be employees of the Federal
Government for the purposes of Section 224, as are part-time contractors who are
licensed or certified providers of obstetrical services and whose individual medical

| OFFICE | SURNAME | DATE | OFFICE | SURNAME | DATE | OFFICE | SURNAME | DATE |
|--------|---------|------|--------|---------|------|--------|---------|------|
| DCMH | STINSON | 11/22 | | | | | | |

Page 2 - Mr. Vincent A. Keane

malpractice liability insurance coverage does not extend to services performed for this grantee. Subrecipients listed as eligible for FTCA coverage by the grantee will be deemed eligible only for carrying out those grant-related activities designated as being within the scope of their contract.

Accordingly, the Attorney General, through the DOJ, has the responsibility for the defense of the individual and/or grantee for malpractice claims approved for FTCA coverage. Please note that the applicability of the Act to a particular claim or case will depend upon the determination or certification, as appropriate, by the Attorney General that the individual or grantee is covered by the Act and was acting within the scope of employment. Such determination or certification is subject to judicial review. If the claim is subject to FTCA coverage, it must be reviewed initially by the PHS through an administrative claims process. Your cooperation in the handling of the claim (including providing the relevant medical records) will be necessary.

Section 224 is further amended by providing that hospital admitting privileges can not be denied if a covered health professional meets the appropriate professional qualifications, and agrees to abide by the hospital bylaws and the rules, and regulations of the medical staff. These individuals are thus afforded the same treatment as members of the National Health Service Corps with respect to hospital admitting privileges. Hospitals that fail to comply shall be in jeopardy of losing Medicare and Medicaid reimbursements.

The BPHC will be evaluating the implications of FTCA coverage for the payment of malpractice insurance costs under the terms of your grant. As a general rule, BPHC would not allow further charges to the grant for malpractice insurance for services subject to FTCA coverage. However, BPHC recognizes that some insurable risks will remain after the effective date of eligibility for FTCA coverage, including risks covered by malpractice insurance for non-covered providers. These remaining risks may require the purchase of private insurance by the grantee. Furthermore, it is expected that grantees will purchase "tail" insurance coverage for current providers with claims made instead of occurrences policies. Consequently, a grantee that has been deemed eligible for FTCA coverage should not cancel its current private malpractice insurance policies until these "gap" coverage requirements have been identified and policies secured.

The BPHC will consider allowing the grantee to continue to purchase its current malpractice insurance where the grantee can demonstrate that: (1) this is necessary to maintain the current scope of services and patient care activities and (2) the cost of such insurance is less than the cost of the insurable risks that remain after FTCA coverage is in effect, i.e., gap coverage.

Furthermore, BPHC will examine your request for charging to your grant the cost of "tail" insurance, if your previous malpractice coverage was for claims made, rather than occurrences. Here too, we will consider the extent to which the cost of tail insurance exceeds the cost of the present malpractice insurance, in deciding which form of insurance will be an allowable expense under the grant.

Page 3 - Mr. Vincent A. Keane

The effective date of eligibility for FTCA malpractice coverage is January 1, 1994. FTCA coverage is only applicable to acts or omissions occurring after this effective date and before January 1, 1996, for the scope of activities covered by the grant funded project.

For further information, please contact Martin Bree, J.D., FTCA Coordinator, Region III at (215) 596-6653.

Sincerely yours,

**/s/ PHILLIP P. KILLAM**

Marilyn H. Gaston, M.D.
Assistant Surgeon General
Director

cc: GMO Region III, GMO BPHC, DOJ



**DEPARTMENT OF HEALTH & HUMAN SERVICES**
BUREAU OF PRIMARY HEALTH CARE

Public Health Service

SEP 16

Health Resources and
  Services Administration
Bethesda MD 20814

Vincent Keane
Executive Director
Unity Health Care, Inc.
3020 14th Street, N.W.
Washington, D.C.  20010

Reference:  Malpractice Liability Coverage

The Bureau of Primary Health Care, in accordance with section
224(h) of the Public Health Service Act, 42 U.S.C. 233(h) as
amended by the Federally Supported Health Centers Assistance
Act of 1995 (Public Law 104-73), deemed the Health Care for
the Homeless to be an employee of the Federal Government,
effective October 1, 1996, for the purposes of malpractice
liability protection under the Federal Tort Claims Act (FTCA).

Although the above referenced entity has undergone a legal
name change to the "Unity Health Care, Inc." the requirements
and protection pursuant to section 224 remain in effect under
the new corporate name.

If there are any questions, please contact Susan Little, FTCA
Coordinator, Philadelphia Field Office at (215) 861-4364.

Sincerely yours.

Marilyn H. Gaston, M.D.
Assistant Surgeon General
Associate Administrator



**DEPARTMENT OF HEALTH & HUMAN SERVICES**
**BUREAU OF PRIMARY HEALTH CARE**

Public Health Service

Health Resources and
Services Administration
Bethesda MD 20814

Mr. Vincent Keane
Executive Director
Health Care for the Homeless, Inc.
3020 14th St., N.W.
Washington, District of Columbia 20010

Reference: Malpractice Liability Coverage

The Bureau of Primary Health Care (BPHC), in accordance with Section 224(h) of the Public Health Service (PHS) Act, 42 U.S.C. 233(h) as amended by the Federally Supported Health Centers Assistance Act of 1995 (Pub.L. 104-73), deems the above named entity to be an employee of the Federal Government, effective October 1, 1996, for the purposes of Section 224. Section 224(a) provides liability protection under the Federal Tort Claims Act (FTCA) for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, and related functions and is exclusive of any other civil action or proceeding. This "FTCA coverage" is applicable to deemed entities and their including officers, governing board members, employees, and contractors who are physicians or other licensed or certified health care practitioners working full-time (minimum 32.5 hours per week) or part-time providing family practice, general internal medicine, general pediatrics, or obstetrical/gynecological services.

Section 224 further provides that hospital admitting privileges cannot be denied on the basis of having malpractice coverage under the FTCA, if a covered health care professional meets the appropriate professional qualifications, and agrees to abide by the hospital bylaws and the rules, and regulations of the medical staff. Moreover, managed care plans are required to accept FTCA as meeting whatever malpractice insurance coverage requirements such plans may require of contracting providers. Hospitals and managed care plans that fail to comply shall be in jeopardy of losing Medicare and Medicaid reimbursements.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met. For example, a $1.0 million each claim/$3.0 million aggregate occurrence is met since FTCA would, as appropriate, provide for the payment to a plaintiff of any damages awarded as a result of a judgment or a settlement approved by the Attorney General, sums in excess of this amount.

For further information, please contact CAPT Marty Bree, Regional FTCA Coordinator, HRSA Field Office, Philadelphia, Pennsylvania at (215) 596-6655.

Sincerely yours,

Marilyn H. Gaston, M.D.
Assistant Surgeon General
Director



**DEPARTMENT OF HEALTH & HUMAN SERVICES**
BUREAU OF PRIMARY HEALTH CARE

Health Resources and Services Administration

Rockville, Maryland 20857

MAY  6 2005

Vincent Keane, Executive Director
Unity Health Core, Inc.
UDS # 037020
3020 14th Street, N.W.
Washington, DC  20009-6865

Reference:     Malpractice Liability Coverage – Renewal health center deeming letter
                       Coverage effective on January 1, 2005 through December 31, 2005

Dear Mr. Keane:

The Health Resources and Services Administration (HRSA), Bureau of Primary Health
Care (BPHC), in accordance with Section 224(g) of the Public Health Service (PHS) Act,
42 U.S.C. § 233(g), as amended by the Federally Supported Health Centers Assistance
Act of 1995 (FSHCAA), (P.L. 104-73), redeems the above named entity to be an
employee of the PHS for purposes of Federal Tort Claims Act (FTCA) medical
malpractice liability coverage, effective January 1, 2005.

This action is based on the assurances provided in your FTCA deeming application, as
required under 42 U.S.C. § 233(h), with regard to: (1) implementation of appropriate
policies and procedures to reduce the risk of malpractice; (2) implementation of a system
whereby professional credentials and privileges, references, claims history, fitness,
professional review organization findings, and licensure status of health professionals are
reviewed and verified; (3) cooperation with the Department of Justice (DOJ) in the
defense of claims and actions to prevent claims in the future; and (4) cooperation with
DOJ in providing information related to previous malpractice claims history.

The 1995 amendments to FSHCAA clarified that FTCA coverage extends to deemed
health centers and their: (1) officers; (2) governing board members; (3) full and part time
health center employees; (4) licensed or certified health care practitioner contractors
(who are not corporations) providing full-time services (i.e., on average at least 32 ½
hours per week); and (5) licensed or certified health care practitioner contractors (who are
not corporations) providing part-time services in the fields of family practice, general
internal medicine, general pediatrics, or obstetrics/gynecology.  Volunteers are neither
employees nor contractors and therefore are not eligible for FTCA coverage.



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Health Resources and Services
Administration

Bureau of Primary Health Care
Rockville MD 20857

DEC 1 9 2005

Vincent A. Keane
Executive Director
Unity Health Care Inc.
UDS # 037020
3020 14th Street, NW
Washington, DC 20009-6865

Reference: Malpractice Liability Coverage – Renewal health center deeming letter
Coverage effective on January 1, 2006 through December 31, 2006

Dear Executive Director:

The Health Resources and Services Administration (HRSA), Bureau of Primary Health
Care (BPHC), in accordance with Section 224(g) of the Public Health Service (PHS) Act,
42 U.S.C. §233(g), as amended by the Federally Supported Health Centers Assistance
Act of 1995 (FSHCAA), (P.L. 104-73), deems the above named entity to be an employee
of the PHS for purposes of Federal Tort Claims Act (FTCA) medical malpractice liability
coverage, effective January 1, 2006.

This action is based on the assurances provided in your FTCA deeming application, as
required under 42 U.S.C. §233(h), with regard to: (1) implementation of appropriate
policies and procedures to reduce the risk of malpractice; (2) implementation of a system
whereby professional credentials and privileges, references, claims history, fitness,
professional review organization findings, and licensure status of health professionals are
reviewed and verified; (3) cooperation with the Department of Justice (DOJ) in the
defense of claims and actions to prevent claims in the future; and (4) cooperation with
DOJ in providing information related to previous malpractice claims history.

The 1995 amendments to FSHCAA clarified that FTCA coverage extends to deemed
health centers and their: (1) officers; (2) governing board members; (3) full and part time
health center employees; (4) licensed or certified health care practitioner contractors
(who are not corporations) providing full-time services (i.e., on average at least 32 ½
hours per week); and (5) licensed or certified health care practitioner contractors (who are
not corporations) providing part-time services in the fields of family practice, general
internal medicine, general pediatrics, or obstetrics/gynecology. Volunteers are neither
employees nor contractors and therefore are not eligible for FTCA coverage.

Page 2

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met. For example, FTCA coverage would meet the requirements of a $1.0 million each claim/$3.0 million aggregate occurrence policy since FTCA coverage would, as appropriate, provide payment to a plaintiff for any damages awarded as a result of a judgment or settlement.

Deemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. §254(b), in order to maintain FTCA coverage. If the deemed entity loses its Section 330 funding, its coverage under the FTCA will end immediately upon termination of the grant.

In addition to the FTCA statutory and regulatory requirements, every deemed health center is expected to follow HRSA's FTCA-related policies and procedures included on the enclosed list. These documents can be found online at http://www.bphc.hrsa.gov/pinspals/default.htm.

For further information, please contact your HRSA/BPHC Project Officer as listed on your notice of grant award.

Sincerely,

A. Michelle Snyder
Associate Administrator

Enclosure


Case 1:06-cv-01991-RJL   Document 5-3   Filed 03/27/2008   Page 22 of 24

Bureau of Primary Health Care
Rockville MD 20857

Mr. Vincent A. Keane                    **DEC 1 8 2006**
Executive Director                                        ᴿᴱᶜᴱᴵⱽᴱᴰ 1 8 2006
Unity Health Care, Inc.
UDS # 037020
3020 14th Street, N.W.
Washington, DC 20009-6865

Reference:    Malpractice Liability Coverage -- Renewal Health Center Deeming Letter
              Coverage Effective January 1, 2007 through December 31, 2007

Dear Mr. Keane:

The Health Resources and Services Administration (HRSA) in accordance with Section 224(g) of the Public Health Service (PHS) Act, 42 U.S.C. §233(g), as amended by the Federally Supported Health Centers Assistance Act of 1995 (FSHCAA), (P.L. 104-73), deems the above named entity to be an employee of the PHS, for the purposes of section 224, effective January 1, 2007. Section 224(a) provides liability protection under the Federal Tort Claims Act (FTCA) for damage for personal injury, including death, resulting from the performance of medical surgical, dental, and related functions and is exclusive of any other civil action or proceeding.

The 1995 amendments to FSHCAA clarified that FTCA coverage extends to deemed health centers and their: (1) officers; (2) governing board members; (3) full- and part-time health center employees; (4) licensed or certified health care practitioner contractors (who are not corporations) providing full-time services (i.e., on average at least 32 ½ hours per week); and (5) licensed or certified health care practitioner contractors (who are not corporations) providing part-time services in the fields of family practice, general internal medicine, general pediatrics, or obstetrics/gynecology. Volunteers are neither employees nor contractors and therefore are not eligible for FTCA coverage.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met.

This action is based on the assurances provided in your FTCA deeming application, as required under 42 U.S.C. §233(h), with regard to: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice; (2) implementation of a system whereby professional credentials and privileges, references, claims history, fitness, professional review organization findings, and licensure status of health professionals are reviewed and verified; (3) cooperation with the Department of Justice (DOJ) in the defense of claims and actions to prevent claims in the future; and (4) cooperation with DOJ in providing information related to previous malpractice claims history.

Page 2 – Mr. Vincent A. Keane

Deemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. §254(b), in order to maintain FTCA coverage. If the deemed entity loses its Section 330 funding, its coverage under the FTCA will end immediately upon termination of the grant.

In addition to the FTCA statutory and regulatory requirements, every deemed health center is expected to follow HRSA's FTCA-related policies and procedures included on the enclosed list. These documents can be found online at http://www.bphc.hrsa.gov/pinspals/default.htm.

For further information, please contact your HRSA Project Officer as listed on your notice of grant award.

Sincerely,

James Macrae
Associate Administrator

Enclosure

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| PERDITA TAYLOR, ) | |
| ) | Case No: 07-1394 (RCL) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | |
| D.C. Department of Corrections, *et al.* ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## ORDER

UPON CONSIDERATION of Federal Defendant's Motion to Dismiss, any opposition thereto, and the record herein, it is this _____ day of _____,

2008,

ORDERED, that the motion be, and hereby is, GRANTED, and that Plaintiff's Complaint against the United States is DISMISSED.

_____
United States District Court Judge